# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342

41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

August 3, 2026

**Via ECF**

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:   **Pre-Motion Conference on Anticipated Partial Motion to Dismiss**
> *Bernal v. M&D NY Restaurant, Inc. et al*, No. 26-cv-02924 (JMW), (E.D.N.Y.)

Your Honor,

We represent the Defendants in the above-referenced matter. We write respectfully, pursuant to Rule 3(D)(1) of the Court's Individual Practice Rules, to request a pre-motion conference on Defendants' anticipated motion to dismiss: Plaintiff's claims under the Fair Labor Standards Act ("FLSA") for overtime and tip retention (Counts I and II), and under the New York Labor Law ("Labor Law") for tip retention (in whole), wage notice (in whole), and overtime (in part under) (Counts III, V, and VI) for failure to state claims on which relief may be granted; and Plaintiff's remaining Labor Law claims for lack of supplemental jurisdiction.

## I.   PLAINTIFF FAILS TO STATE CLAIMS FOR UNPAID OVERTIME UNDER THE FLSA, AND FOR UNPAID OVERTIME UNDER THE LABOR LAW AFTER 2021

Under both the FLSA and the Hospitality Industry Wage Order ("Wage Order") implementing the Labor Law, an employee works overtime if he works more than forty hours per week. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. Plaintiff alleges that in and after 2022, he only worked between about 30 and 37.5 per week. *See* Dkt. No. 1 ¶¶ 30, 32. It is well settled that "[a]n employee who has not worked overtime has no [overtime] claim under the FLSA." *Lundy v. Catholic Health Sys. of Long Island, Inc.* 711 F.3d 106, 115 (2d Cir. 2013). The same logic holds with respect to the Labor Law. Plaintiff's conclusory catchall allegation that

Hon. James M. Wicks, U.S.M.J.
August 3, 2026
*Bernal v. M&D NY Restaurant, Inc. et al*, No. 26-cv-02924 (JMW), (E.D.N.Y.)
Page 2 of 4

"[t]hroughout the statute of limitations period covered by these claims, Plaintiff… worked in excess of forty… hours per week" is belied by his more detailed allegations that in and after 2022, he worked between 30 and 37.5 hours per week, and does not satisfy the pleading standard for FLSA overtime claims adopted by the Second Circuit. *C.f. id.* ¶¶ 30, 32, 38; *see also Nakahata v. New York-Presbyterian Heathcare Sys.*, 723 F.3d 192, 200 (2d Cir. 2013) ("'[T]o survive a motion to dismiss an FLSA overtime claim, [a] Plaintiff[] must allege… that [he] worked compensable overtime in a workweek longer than 40 hours.'") (quoting *Lundy*, 711 F.3d at 114).

The FLSA provides for, at the longest, a three-year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a). Plaintiff commenced this case on May 15, 2026. *See* Dkt. Nos. 1, 1-1; *see also* 29 U.S.C. § 256(a). Accordingly, Plaintiff's earliest cause of action under the FLSA could arise on May 15, 2023 and, Plaintiff's overtime claim under the FLSA (and under the NYLL after 2021) must be dismissed.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR TIP MISAPPROPRIATION UNDER THE FLSA OR THE LABOR LAW

Both the FLSA and the Labor Law prohibit employers from keeping or retaining tips meant for employees. *See* 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips *received by its employees* for any purposes, including managers or supervisors to keep any portion of *employees'* tips, regardless of whether or not the employer takes a tip credit.") (emphasis added); N.Y. Lab. L. § 196-d ("No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, *received by an employee*, or retain any part of a gratuity or of any charge purported to be a gratuity *for an employee*.") (emphasis added). However, Plaintiff does not plead that Defendant Glavatovic kept tips meant by customers for Plaintiff or other employees, or charged customers any fee—purported to be a

Hon. James M. Wicks, U.S.M.J.
August 3, 2026
*Bernal v. M&D NY Restaurant, Inc. et al*, No. 26-cv-02924 (JMW), (E.D.N.Y.)
Page 3 of 4

gratuity for employees for employees, or otherwise. Instead, he alleges that at "large parties," "customers normally provide[d] large cash tips *to Defendant Glavatovic*." Dkt. No. 1 ¶ 25 (emphasis added). That is, on its face, and without admitting the truth or alleging the falsity of the allegation, Plaintiff's Complaint alleges that customers voluntarily tipped Defendant Glavatovic, intended for Defendant Glavatovic to receive their tips, and did not intend to tip Defendants' employees including Plaintiff. Plaintiff has failed to allege any property interest in these tips or in any part of these tips. As such, Plaintiff's claims for tip misappropriation must be dismissed.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR NON-FURNISHING OF WAGE NOTICE UNDER THE LABOR LAW

Employees "have a private right of action, pursuant to [N.Y. Lab. L.] § 198(1-b), for [employers'] failure to provide wage notices within 10 business days of their hiring." *Veracka v. Mld Mortg.*, No. 16-cv-07152 (WFK) (AYS), 2021 U.S. Dist. LEXIS 126294, at *29 (E.D.N.Y. Apr. 1, 2021). However, "there is no private right of action for an employer's failure to provide annual wage notices to an employee." *Id.* That is to say, Plaintiff can only bring his cause of action for failure to provide a wage notice with respect to his time-of-hire wage notice. The Labor Law has a six-year statute of limitations, which was tolled for 228 days between March 20 through November 3, 2020. *See* N.Y. Lab. L. §§ 198(1-b), 198(3); *Brash v. Richards*, 195 A.D. 3d 582, 583 (2d Dept. 2021). The earliest any of Plaintiff's alleged causes of action could possibly arise is six years and 228 days prior to the commencement of this action (to wit, September 29, 2019). However, Plaintiff alleges he was hired in about September 2017. Accordingly, Plaintiff cannot state a cause of action for non-furnishing of wage notice upon which relief can be granted.

Hon. James M. Wicks, U.S.M.J.
August 3, 2026
*Bernal v. M&D NY Restaurant, Inc. et al*, No. 26-cv-02924 (JMW), (E.D.N.Y.)
Page 4 of 4

For all the foregoing reasons, Defendants should be permitted to move to dismiss Counts

I, II, III, V, and VI for failure to state claims upon which relief may be granted, and Plaintiff's

remaining Labor Law claims for lack of supplemental jurisdiction.

We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC


 */s/ John Troy*
John Troy
*Attorney for Defendants*

cc: via ECF
  all counsel of record
  /asb

4